■ ELIZABETH E. CORRIGAN, Respondent, v. MARGARET CORRIGAN, Appellant, et al., Defendants.— Appeal from an order of the County Court, Broome County, granting leave to plaintiff to serve an amended complaint. Plaintiff is the divorced wife of Paul Corrigan, who died March 30, 1956, and defendant is his widow. The action is to admeasure plaintiff's right of dower in real property acquired by the husband by deed from Peter McCloskey in 1928, before his marriage to plaintiff, but of which he was seized in 1929 when he married her, a time prior to the abolition of dower on September 1, 1930. The answer of the defendant widow sets up certain defenses; and pleads as a counterclaim that McCloskey, the husband's grantor had given plaintiff a quit-claim deed to the premises in 1928 two days after the date of the deed he had given the husband; and that plaintiff recorded it in 1931. The counterclaim seeks adjudication that because the grantor had divested himself of title at the time plaintiff's deed was given, it was ineffective to convey to plaintiff any interest in the property. After the time to amend the complaint as of course following service of the answer had gone by, plaintiff moved for permission to amend her complaint

to assert a title arising by virtue of the deed from McCloskey to her and the subsequent recording of the deed by the decedent as constituting an irrevocable gift from the decedent to plaintiff. The amended pleading would allege that the plaintiff's deed from McCloskey was recorded by the husband in 1931 before he recorded his own deed in 1933 and that this constituted an unconditional and irrevocable gift to plaintiff. Since the original complaint did not rely on the effect of the deed from McCloskey to plaintiff and since defendant by counterclaim asked affirmative relief in respect of that deed, plaintiff would be justified in seeking such affirmative relief based on this deed on her own behalf as might be proper by due amendment of her pleading as of course. That this was not done by amendment within 20 days after service of the answer on October 15, 1956 would not preclude the exercise of a reasonable discretion by the court to allow the amendment by order. The motion for this relief was promptly made on November 20, apparently after counsel had concluded that the issue could not be adequately pleaded by a reply, the time for which had been extended by stipulation; but that it could be pleaded by amending the complaint. The discretion to allow the amendment was soundly exercised. We do not pass upon the validity of the plea or of sufficiency of the pleading proposed by way of amendment. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.